**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**
------------------------------------------------------------------ X

| | |
|---|---|
| In re: | Chapter 7 |
| Ronald L Henry, | Case No. 1-16-42200-NHL |
| Debtors. | Hearing Date: August 2, 2016 |
| | Judge: Nancy Hershey Lord |

------------------------------------------------------------------ X

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

CIT Bank, N.A., formerly known as OneWest Bank, N.A., formerly known as OneWest Bank, FSB (herein "Movant") submits the following memorandum of law in support of its motion for relief from the automatic stay to enforce its rights with respect to certain real property subject to a note and mortgage between debtors and Movant including, but not limited to selling the same and applying the proceeds to the obligation of the debtors to Movant. The account is in default and thus there exists a lack of adequate protection.

### STATEMENT OF FACTS

On August 31, 2007, debtor Ronald Henry entered into a note and mortgage with IndyMac Bank, F.S.B., placing a lien Debtor's property located at 287 Franklin Ave, Brooklyn, New York 11205 (the "Property"). The mortgage was recorded on October 02, 2007 by Office of the City of Register of the City of New York as CRFN: 2007000502883. The note and mortgage were subsequently assigned to CIT Bank, N.A. is the servicing agent of the loan and is authorized to act on behalf of the holder of the note.

### ARGUMENT

A. Standards of Relief from the Automatic Stay

The Bankruptcy Code at 11 U.S.C. § 362(d) provides for circumstances under which the court shall provide relief from the automatic stay. The grounds for relief are as follows:

> On request of a part in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling modifying or conditioning such stay --
>     (1) for cause, including the lack of Adequate protection of an interest in property of such party in interest;

>> (2) with respect to a stay of an act against property under subsection (a) this section, if --
>> (A) the debtor does not have an equity in such property; and
>> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1) and (d)(2). Two initial points relating to the above sections of the Bankruptcy Code are that Section 362(d) is a mandatory, not permissive, provision and the grounds for relief presented in subsection (1) and (2) are disjunctive. In re Zeoli, 249 B.R. 61 (Bankr. S.D.N.Y. 2000). "Thus if any on subsection applies, the Court must grant a motion for relief from automatic stay." Id. at 63.

B. Payment Default Constitutes Cause

As provided in 11 U.S.C. § 362(d)(1), the court shall grant relief from the automatic stay "for cause, including lack of adequate protection of interest in property." The debtor has failed to make post-petition payments resulting in a lack of adequate protection for Movant. Once cause exists is the debtor's burden to show that Movant's interest in the property is adequately protected. 11 U.S.C. § 362(g); In re Davenport, 43 B.R. 103 (Bankr. S.D.N.Y. 1984).

A debtor's failure to make regular payments as they become due constitutes cause for relief from the automatic stay. In re Taylor, 151 B.R. 646 (Bankr. E.D.N.Y. 1993); In re Davis, 64 B.R. 358 (Bankr. S.D.N.Y. 1986). The facts underlying the In re Davis opinion involved Chapter 13 debtors who were to make monthly payments to a creditor outside of the confirmed plan. The debtors defaulted on the payments due to secured creditor and a motion for relief pursuant to 11 U.S.C. § 362(d)(1) was granted. In granting the motion, the Davis Court focused on debtors' material default of their feasible and voluntarily assumed confirmed plan. Id. "Creditors are entitled to rely upon the debtors' responsibilities to make their post-confirmation payments." Id. at 360.

C. Property Unnecessary to Effective Reorganization

As provided in 11 U.S.C. § 362(d)(2), relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the Debtor's effective reorganization. Here, a simple review of the outstanding principal and interest against the value debtor attributes to the Property demonstrates the lack of equity in the Property. Moreover, there is no prospect of reorganization in this Chapter 7 bankruptcy case. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

CONCLUSION

For the forgoing reasons, Movant respectfully requests that the Court make and enter its Order terminating the automatic stay as to Movant with respect to the Property including but not limited to selling the same and applying the proceeds of sale to the obligations of debtor to

CIT Bank, N.A., formerly known as OneWest Bank, N.A., formerly known as OneWest Bank, FSB, and for such and further relief as the Court deems proper.

Dated: June 15, 2016        Buckley Madole, P.C.
                            Attorneys for Movant,

                    By:     /s/ Melissa N. Licker
                            Melissa Licker
                            Buckley Madole, P.C.
                            28 West 44th Street, Suite 720
                            New York, NY 10036
                            Telephone/Fax: 347-286-7409
                            NY_ECF_Notices@BuckleyMadole.com